Brian L. Hansen (13729)
FELLER & WENDT, LLC
1834 E 3100 N
Layton, Utah 84040
Telephone: (801) 499-5060
Facsimile: (801) 499-5064
*brianhansen@fellerwendt.com*

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **CONRADO ECHEVERRIA,** an individual**, HILDA MUNGUIA,** an individual**, & SARIAH ECHEVERRIA,** an individual<br><br>Plaintiffs,<br><br>vs.<br><br>**STEVEN OLSEN,** an individual, **& FEDERAL BUREAU OF INVESTIGATIONS,** a governmental agency<br><br>Defendants. | **COMPLAINT**<br><br><br><br>Case No.  1:20-cv-00149-BSJ<br><br>Judge: |

Plaintiffs CONRADO ECHEVERRIA, HILDA MUNGUIA & SARIAH ECHEVERRIA ("Plaintiffs"), by and through their counsel of record Feller & Wendt, hereby complains against the above-named Defendants Steven Olsen, and the Federal Bureau of Investigations (collectively "Defendants") and alleges as follows:

## PARTIES

1. Plaintiffs Conrado Echeverria and Hilda Munguia are residents and domiciled in Clinton, Utah.

2. Plaintiff Sariah Echeverria is a resident and domiciled in Layton, Utah.

3. Upon information and belief, Defendant Steven Olsen, is a resident of South Jordan, Utah.

4. Upon information and belief, Defendant Federal Bureau of Investigations ("FBI"), is a division of the United States Department of Justice ("DOJ"), which is a governmental agency with its principal place of business located at 935 Pennsylvania Ave, NW Washington, DC 20535.

5. At all material times, Defendant Steven Olsen was acting within the scope of his office of employment with the FBI. Therefore, Defendant FBI is a proper party pursuant to the Federal Tort Claims Act.

## JURISDICTION

6. This dispute is based in Tort and the amount demanded on behalf of the Plaintiffs is an amount more than $75,000, exclusive of costs and interest. Accordingly, pursuant to Title 28 U.S Code § 1331 the Utah District Court shall have original jurisdiction.

7. The motor vehicle collision giving rise to Plaintiffs' claims occurred in Salt Lake City, Utah.

8. This Court has jurisdiction over this matter pursuant to 28 U.S Code § 1331. The injuries giving rise to this Complaint occurred in Salt Lake City, Salt Lake County, State of Utah.

9. The court further has jurisdiction over the subject matter of this action and over the persons named herein pursuant to 28 US Code § 1346(b)(1), 2401, and 2675(a).

10. Plaintiffs complied with the Federal Tort Claims Act

11. Plaintiff properly served notice on the FBI on or about December 17, 2019 seeking damages for Defendants' negligence.

12. On August 3, 2010, the FBI offered $50,000 which was the maximum amount allowed through the Office of General Counsel. Plaintiffs denied the offer as it was inadequate to compensate their damages.

13. Defendants have not provided a final determination letter and more than six months have passed since the notice was submitted.

## STATEMENT OF FACTS

14. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

15. At all times relevant herein, Defendant Steven Olsen was an employee or agent of the Federal Bureau of Investigations acting within the course and scope of his employment.

16. On November 27, 2018, at approximately 5:50 p.m., Hilda Munguia was the driver in eastbound traffic on I-80 With Conrado Echeverria and Sariah Echeverria in the vehicle as passengers.

17. Plaintiffs were in a 2018 Nissan Rogue.

18. Defendant Olsen was driving a 2014 Chevrolet Cruze owned by the Federal Bureau of Investigations (FBI).

19. Plaintiffs were stopped due to heavy traffic congestion.

20. Defendant Olsen did not slow in traffic and rear ended the Plaintiffs' vehicle.

21. The force of the impact caused the plaintiffs' vehicle to be pushed into the vehicle in front of them.

22. Defendant Olsen made no attempts to avoid hitting the Plaintiffs' vehicle.

23. As a result of the Defendants actions, collectively Plaintiffs suffered damages in an amount more than $75,000 and exclusive of costs and interest and will suffer future damages, including but not limited to: daily pain and suffering; diminished capacity to enjoy life and moral support; loss of wages; and continuing medical, therapeutic, and pharmaceutical expenses.

### **FIRST CLAIM FOR RELIEF**
(Negligence)

24. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

25. Like all drivers on our roadways, Defendant Olsen owed a duty to Plaintiffs to follow the basic safety rules of the road including using care in the operation of his vehicle in accordance with all applicable state rules and regulations.

26. Like all drivers on our roadways, Defendant owed a duty to Plaintiffs to follow the basic safety rules of the road, including the safety rules of following at a safe distance.

27. Defendant breached these duties, or basic safety rules, by failing to keep a proper lookout for other traffic, failing to operate his vehicle in a safe and reasonable manner with due regard for the safety of others, and by failing to view objects in plain sight as required by local, city, and county ordinances, and Utah Code § 41-6a-711(1).

28. Defendant Federal Bureau of Investigations, as Mr. Olsen's employer, is responsible for Mr. Olsen's actions and/or inactions while driving in the course and scope of his employment under the doctrine of respondent superior.

29. It was foreseeable to a reasonably careful person that Defendant's failures would cause harm to the Plaintiffs, and others.

30. As a direct and proximate result of Defendant's breach of duty, Plaintiffs suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages are more than $75,000, exclusive of costs and interest, including but not limited to: medical, hospital, doctor and drug expenses in the past and reasonably anticipated in the future; out-of-pocket expenses; loss

of wages in the past and reasonably anticipated in the future; physical pain and suffering in the past and reasonably anticipated in the future; emotional pain and suffering in the past and reasonably anticipated in the future; loss of her ability to enjoy life; mental anguish, impairment and/or disability; and increased likelihood of re-injury or aggravation.

## **SECOND CLAIM FOR RELIEF**
(Negligence Per Se)
(ALL DEFENDANTS)

31. Plaintiffs incorporate by reference all preceding paragraphs as though full set forth herein.

32. The vehicle being driven by Defendant Mr. Olsen, was a dangerous instrumentality.

33. Defendants were negligent per se based on the following:

   a. Defendant Olsen violated numerous state and federal safety rules, statute, and regulations.

   b. The state and federal safety rules, statutes, and regulations violated by Defendant Olsen were enacted to prevent the injuries that the Plaintiffs suffered.

   c. The Plaintiffs are those intended for protection under the state and federal safety rules, statutes, and regulations that were violated; and

*Echeverria & Munguia v. Olsen & FBI*
Complaint

    d. Defendant Olsen's violation of these state and federal safety rules, statutes, and regulations were the proximate cause of the Plaintiffs injuries.

34. As a direct and proximate result of Defendants acts and omissions described herein, Plaintiff suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages are not less than $75,000, including but not limited to, medical, doctor and drug expenses, out-of-pocket expenses, physical pain and suffering in the past and reasonably anticipated in the future, emotional pain and suffering in the past and reasonably anticipated in the future, loss of their ability to enjoy life, mental anguish, impairment, and/or disability, and increased likelihood of re-injury or aggravation.

### **THIRD CLAIM FOR RELIEF**
(Negligent Entrustment)
(Federal Bureau of Investigations)

35. Plaintiffs incorporate by reference and re-alleges all preceding paragraphs as if fully set forth herein.

36. Federal Bureau of Investigations entrusted its vehicle to Defendant Olsen.

37. At the time of the collision, Defendant Olsen was recklessly driving the company vehicle.

38. Defendant Olsen was an incompetent driver.

39. Defendant Federal Bureau of Investigations knew or should have known that Defendant Olsen was an incompetent driver.

40. Defendant Olsen's actions/inactions proximately caused the collision.

41. As a direct and proximate result of Defendants' acts and omissions described herein, The Plaintiffs suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof which damages are not less than $75,000, including but not limited to, medical, doctor, and drug expenses, out-of-pocket expenses, physical pain and suffering in the past and reasonably anticipated in the future, loss of their ability to enjoy life, mental anguish, impairment, and/or disability, and increased likelihood of re-injury or aggravation.

**FOURTH CLAIM FOR RELIEF**
(Negligent Hiring/Training/Supervision)
(Federal Bureau of Investigations)

42. Plaintiffs incorporate by reference and re-alleges all preceding paragraphs as if fully set forth herein.

43. Federal Bureau of Investigations, as owner of the vehicle driven by their employee, Defendant Olsen, were obligated to follow all applicable safety rules in the hiring, training, and supervision of its employees.

44. Defendant, Federal Bureau of Investigations knew of the potential harm, including death, which could result if the aforementioned safety rules/duties were violated.

45. Defendant, Federal Bureau of Investigations, knew of the potential victims that could be harmed if the aforementioned safety rules/duties were violated.

46. Defendant, Federal Bureau of Investigations, failed to hire a competent driver in the person of Defendant Olsen. Furthermore, Defendant Federal Bureau of Investigations failed to adequately train and supervise Defendant Olsen and ensure his compliance with all applicable safety law and rules.

47. Defendant Federal Bureau of Investigations knew or should have known that Defendant Olsen did not have the requisite training and/or supervision to competently operate the vehicle.

48. By failing to provide the necessary training and supervision, Defendant Federal Bureau of Investigations knew or should have known that Defendant Olsen would operate the vehicle in a reckless manner.

49. As a direct and proximate result of Defendants' acts and omissions described herein, Plaintiffs suffered general and special damages in an amount to be ascertained at the time of trial, subject to proof, which damages ae not less than $75,000 including but not limited to, medical, doctor and drug expenses, out-of-pocket expenses, physical pain and suffering in the past and reasonably anticipated in the future, loss of their ability to enjoy life, mental anguish, impairment, and or/disability and increased likelihood of a re-injury or aggravation.

## **THEORY OF LIABILITY**
(Respondeat Superior)

50. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

51. Defendant Federal Bureau of Investigations is liable for Defendant Olsen's negligence and recklessness because Olsen was working as a driver for Defendant Federal Bureau of Investigations when he caused the vehicle to collide with the Plaintiffs' vehicle. Defendant Olsen was within the course and scope of his employment because: (1) he was on duty at the time he crashed the commercial vehicle into Plaintiff's vehicle; (2) he was traveling in Federal Bureau of Investigations vehicle within the hours and spatial boundaries of his employment; and (3) Defendant Olsen caused the crash while serving Federal bureau of Investigations' interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

52. For past, present and future special damages, including but not limited to medical expenses, and out-of-pocket expenses in an amount to be established at trial;
53. For past, present, and future general damages, including physical pain and suffering, emotional pain and suffering, loss of enjoyment of life, permanent impairment and/or disability in an amount to be established at trial;
54. Damages for emotional distress suffered by the Plaintiffs;
55. Pre-judgment and post-judgment interest,
56. For reasonable attorney fees and costs incurred herein; and
57. In the event of a default judgment against Defendants, an award of $300,000 exclusive of costs and interest against Defendant; and

**58.** Such other relief as may be deemed fair and equitable under the circumstances.

DATED this 4th day of November, 2020.

                                                FELLER & WENDT, LLC

                                                */s/ Brian L. Hansen*
                                                Brian L. Hansen
                                                Attorney for Plaintiff